**CITY OF CLEVELAND, Appellee,**

**v.**

**JOVANOVIC, Appellant.**

[Cite as *Cleveland v. Jovanovic,* 153 Ohio App.3d 37, 2003-Ohio-2875.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82320.

Decided June 5, 2003.

38

Subodh Chandra, Director of Law, and Angela Rodriguez, Assistant City Prosecutor, for appellee.

Peter R. Harwood, for appellant.

ANTHONY O. CALABRESE, JR., Judge.

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} Defendant-appellant Aleksandar Jovanovic appeals from the judgment of the Cleveland Municipal Court finding him guilty of operating a motor vehicle under the influence of alcohol. For the reasons stated below, we find appellant's arguments are without merit and hereby affirm the judgment of the trial court.

{¶ 3} On July 15, 2002, appellant was charged with operating a motor vehicle under the influence of alcohol or drugs, speeding, weaving, and failure to wear a seat belt. Appellant was arrested and taken to the Cleveland Police Department, Second District, where a BAC Datamaster test was administered. The result of the test indicated that appellant's blood-alcohol content was .088 percent. On July 17, 2002, appellant was released from jail on a personal bond, his vehicle was released upon motion, and his arraignment was rescheduled to August 7, 2002.

{¶ 4} On August 7, 2002, appellant entered a plea of not guilty to all charges and a pretrial was set for August 21, 2002. On August 21, 2002, a second pretrial

was scheduled for September 9, 2002. On September 9, 2002, trial was set for October 2, 2002. On October 2, 2002, the trial court, sua sponte, continued the trial until November 12, 2002, without explanation. On November 8, 2002, appellant filed a motion to dismiss, arguing that the court had violated his right to a speedy trial. On November 12, 2002, appellant's motion was denied and the case proceeded to trial.

{¶ 5} On November 12, 2002, appellant was found guilty of operating a motor vehicle under the influence of alcohol and speeding. Appellant was found not guilty of weaving and failure to wear a seat belt. Appellant timely filed this appeal.

## I

{¶ 6} In his sole assignment of error, appellant argues that the trial court erred, in violation of R.C. 2945.71, when it continued appellant's trial, sua sponte, without explanation. For the reasons stated below, we affirm the judgment of the trial court.

{¶ 7} A person charged with a first degree misdemeanor must be tried within 90 days after his arrest.[1] R.C. 2945.71(B)(2) ("statutory time requirement"). The time within which a person must be brought to trial may be extended by the period of any continuance granted on the accused's own motion or by any reasonable period granted other than upon the accused's motion. R.C. 2945.72(H). Ohio courts have consistently held that the speedy-trial statutes are mandatory and must be strictly enforced. *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589. In analyzing the procedural time-line record of the case, the court of appeals is required to strictly construe any ambiguity in the record in favor of the accused. *State v. Johnson* (Mar. 8, 2001), Cuyahoga App. Nos. 78097, 78098 and 78099, 2001 WL 233401. The standard of review in speedy-trial cases is to count the days as directed in R.C. 2945.71 et seq. Id.

## II

{¶ 8} It is well established in Ohio that a court speaks through its journal. *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. This court has previously addressed the Cleveland Municipal Court's computerized docketing system to which the parties herein rely. In order to constitute an official court record, the entries must be signed by a judge. *Cleveland v. Cuebas* (Nov. 17, 1994), Cuyahoga App. No. 66488, 1994 WL 652845.

---

1. The charge against appellant, violation of Cleveland Codified Ordinance 433.01(A)(1), is a first degree misdemeanor.

While the computerized journal is often mistaken as the official journal of the Cleveland Municipal Court, it is simply a docketing system. Any entry unaccompanied by the signature of a judge will not be acknowledged by this court as a judicial order or official journal entry. The computerized journal system alone is insufficient to properly reflect the actions and decisions of the court.

{¶ 9} Unlike the facts in *Cuebas*, however, the record in the case sub judice contains the actual blue judgment entry forms that were used by the court. Each journal entry is signed by the judge who presided over the proceedings. These forms are the only accurate means by which this court has to review the timeliness of a municipal court proceeding.[2]

### III

{¶ 10} Appellant was arrested on July 15, 2002, and released July 17, 2002. The date of the arrest does not count against the city. *State v. Stamps* (1998), 127 Ohio App.3d 219, 223, 712 N.E.2d 762. Pursuant to the triple-count provision contained in R.C. 2945.71(E), appellant received six days' credit for his time while in jail. On July 17, 2002, appellant's motion for release of his vehicle was granted, and the case was continued at appellant's request.[3] Appellant's arraignment was continued to August 7, 2002. Pursuant to R.C. 2945.72(C), this 21–day extension does not apply toward the statutory time requirement.

{¶ 11} On August 7, 2002,[4] appellant entered a plea of not guilty to all counts and a pretrial was scheduled for August 21, 2002. Appellant received credit of 14 days for this time period. Thus, as of August 21, 2002, appellant had accrued 20 days against the statutory time requirement.

{¶ 12} On August 21, 2002,[5] the pretrial was rescheduled for September 9, 2002, at defendant's request. The transcript filed by the city indicates that the lower court provided additional time to appellant in order for him to secure counsel. Pursuant to R.C. 2945.72(H), the statutory time period may be extended

---

2. The inaccuracies of the computerized docket are apparent. The 8/21/2002 computerized docket entry indicates that Judge Zone presided during the pretrial. However, the official judgment entry for 8/21/02 was signed by Judge Keough and the transcript of proceedings indicates that Judge Keough presided. According to the court's official journal entries, Judge Zone had no affiliation with appellant's case.

3. Magistrate Ousley presided on this proceeding. The 7/17/02 journal entry states that this proceeding was "Cont. To: 8/7/2002 at 9 AM. At CODR." Pursuant to Rule 18.02 of the Municipal Court Rules of Practice and Procedure, and the applicable code definitions, "CODR" stands for "Case Continued at Defendant's Request."

4. Magistrate Vagi presided over this proceeding.

5. Judge Keough presided over this proceeding.

upon defendant's own motion or by any reasonable period granted other than upon the accused's motion. Although appellant did not explicitly request a continuance in order to obtain representation, he was not prejudiced by the court's action. Appellant was aware of, and acknowledged, the court's purpose in continuing the case for him to seek representation. Furthermore, a continuance for such a reason is contemplated by R.C. 2945.72(C).[6] Therefore, the days between August 21, 2002 and September 9, 2002 did not count towards the statutory time requirement and appellant's total accrued time remained at 20 days.

{¶ 13} On September 9, 2002, trial was set for October 2, 2002. As this date was both reasonable and on the appellant's behalf, the additional 23 days between the last pre-trial and trial did not increase appellant's accrued time. On October 2, 2002, the court, sua sponte, continued the trial without explanation. The city provided multiple dates that it would be available for trial and appellant chose November 12, 2002.[7] On November 8, 2002, appellant filed a motion to dismiss. On November 12, 2002, the court denied appellant's motion to dismiss and the trial proceeded.

{¶ 14} The trial court's continuance of trial added an additional 41 days to appellant's accrued time. Thus, as of November 12, 2002, appellant had accrued 61 days against the statutory time requirement.[8]

## IV

{¶ 15} Appellant argues that, because of the trial court's failure to set forth the reasons for the continuance, sua sponte, his conviction should be dismissed. For the reasons stated above, we disagree.

{¶ 16} The appellant relies predominately on *State v. Mincy* (1982), 2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, for his argument that the trial court erred by failing to provide an explanation for the continuance of trial. The court in *Mincy* held that "when sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by

---

6. "The time within which an accused must be brought to trial * * * may be extended * * * by * * * (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law."

7. The city did not provide the other suggested dates from which appellant had to chose.

8. The gross total of appellant's accrued time on November 12, 2002 was 84 days. However, appellant's motion to dismiss was filed on November 8, 2002. Pursuant to R.C. 2945.72(E), appellant's time was tolled for November 9, 2002, through November 11, 2002, leaving the total number of days accrued at 81.

journal entry prior to the expiration of the time limits prescribed in R.C. 2945.71 for bringing a defendant to trial." Id. at 9, 2 OBR 282, 441 N.E.2d 571. In *Mincy*, the court found that the time period within which to bring the appellee to trial expired before the trial court filed its journal entry continuing the case.

· {¶ 17} In the case sub judice, the appellant was brought to trial well within the statutory time period. In accordance with R.C. 2945.72(H), the continuances were upon appellant's own motion or were made on his behalf.[9] Therefore, the judicial restrictions placed upon R.C. 2945.72(H) never became applicable.

{¶ 18} Because the time limit prescribed in R.C. 2945.71 had not expired, the trial court did not err in overruling appellant's motion to dismiss. The trial was commenced and completed prior to the expiration of the time allowed. Appellant's reliance on *Mincy*, although accurate in its restatement, is misguided under the facts of this case. Appellant's right to a speedy trial was not violated.

Judgment affirmed.

FRANK D. CELEBREZZE JR., P.J., and DIANE KARPINSKI, J., concur.

---

9. The computerized docket further confuses parties and the courts by failing to journalize entries in a uniform way. For instance, the 7/17/02 entry reads "Continued at Defendant's Request." The 8/21/02 and 9/9/02 entries, however, simply read, "Defendant's request." Without immediate access to the official journal entries, parties may understandably question what, in fact, occurred.