JOURNAL ENTRY and OPINION.
 I. {¶ 1} Defendant-appellant David Hess appeals the trial court's denial of his motion to dismiss as well as the imposed sentence.
 II. {¶ 2} The relevant facts follow. Hess was originally arrested on February 13, 2001 and was indicted for a number of charges on February 15 (case number 402479). On March 6, 2001, Hess pled not guilty. The state dismissed the charge without prejudice on June 25, 2001. The docket shows that Hess was arrested again on June 15, 2001.
 {¶ 3} On April 25, 2002, the state re-indicted Hess on the same charges (case number 421043). On October 11, 2002, Hess moved the court to dismiss the charges, arguing that his speedy trial rights had been violated. The court never ruled on this motion.[1] Hess eventually pled guilty to one count of menacing by stalking (R.C. 2903.211(A), a fourth-degree felony) and one count of telecommunications harassment (R.C. 2917.21, a first-degree misdemeanor). The trial court sentenced Hess to one year in prison along with post-release controls.
 {¶ 4} On appeal, Hess argues that his speedy trial rights were violated and that the court erred in imposing his sentence.
 III. Assignment of Error No. I. {¶ 5} Hess argues that (A) the trial court erred by denying his motion to dismiss for an alleged violation of his speedy trial rights and (B) that his trial counsel was ineffective for failing "to pursue" that motion.
 A. {¶ 6} Ohio's speedy trial statute is found in R.C. 2945.71 et seq. Under R.C. 2945.71(C)(2), one "against whom a charge of felony is pending [s]hall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 7} Hess was arrested on February 13, 2001. Under R.C.2945.71(C)(2), the clock starts running the day "after the person's arrest[,]" which here is February 14. See, e.g., City of Cleveland v.Jovanovic, 2003-Ohio-2875, at ¶ 10.
 {¶ 8} The time may be extended, however, when the "period of delay [is] necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;" or when the "period of any continuance [is] granted on the accused's own motion[.]" R.C. 2945.72(E) and (H).
 {¶ 9} Here, the court granted Hess a continuance on March 20, 2001 until April 11, 2001. On April 11, the court again granted Hess a continuance until April 25. On April 25, the court held a pretrial and continued it until May, 1. On May 8, the court continued the case, at Hess' request, until May 24, at which time the court again continued the matter at Hess' request until May 31. A pretrial was held on May 31 and trial was set for June 7. On June 7, Hess requested and was granted a continuance until June 18. Trial was set for June 25, on which day the state dismissed the case without prejudice.
 {¶ 10} Therefore, the state is charged with 34 days from February 14 until March 19; no time from March 20 through April 25; 13 days from April 25 to May 7; no time between May 8 and May 30; and six days from May 31 to June 6; no time between June 7 and June 17 and with eight days from June 18 and June 25. Therefore, the total time charged to the state before the state dismissed the case is 61 days.
 {¶ 11} The state re-indicted Hess on April 25, 2002. The state is not charged with any days between June 25, 2001 and April 24, 2002. SeeState v. Broughton (1991), 62 Ohio St.3d 253, paragraph one of the syllabus ("For purposes of computing how much time has run against the state under R.C. 2945.71 et seq., the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I)."). See, also, Statev. Broughton (1991), 62 Ohio St.3d 253, paragraph two of the syllabus ("The arrest of a defendant, under a subsequent indictment which is premised on the same underlying facts alleged in a previous indictment, is the proper point at which to resume the running of the speedy-trial period.").
 {¶ 12} On June 18, the court granted Hess a continuance until July 8. On July 8, a pretrial was held. On July 15, the court again granted Hess a continuance until July 19. On July 19, the court granted Hess a continuance until August 2. On August 8, the court granted Hess a continuance until October 1, when the court again granted Hess a continuance until October 4. On October 11, Hess moved the court to dismiss the case for violation of the speedy trial statute. Finally, on October 15, Hess pled guilty.
 {¶ 13} Therefore, the state is charged as follows: 54 days from April 25 to June 17; no days from June 18 to July 7; seven days from July 8 to July 14; no days from July 15 to August 1; six days from August 2 to August 7; no days from August 8 to October 3; twelve days from October 4 to October 15.[2]
 {¶ 14} The total days charged to the state after the re-indictment is 69 days. And the grand total is 133 days, far less than the 270-day limit. We therefore hold that the state brought the case to trial within the statutory time limit.
 B. {¶ 15} Further, disposition of this issue renders Hess' claim of ineffective assistance of counsel moot.
 IV. Assignment of Error No. II. {¶ 16} Under this assignment of error, Hess argues that the trial court erred (A) in imposing more than the minimum sentence; and (B) in imposing a prison term that is allegedly inconsistent with sentences imposed on similar offenders for similar offenses.
 A. {¶ 17} Hess argues that the court's imposition of more than the minimum sentence was in error because (1) a sentence for a fourth-degree felony carries a presumption of community control sanctions and (2) he had never previously served prison time.
 1. {¶ 18} Hess pled guilty to a fourth-degree felony and a first-degree misdemeanor. For a fourth-degree felony, a court may impose a sentence of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months. Here, the court imposed a twelve month sentence with community controls.
 {¶ 19} R.C. 2929.19(B) states:
 {¶ 20} "* * *
 {¶ 21} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 22} "(a) * * * if it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (I) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
 {¶ 23} The court stated that it had "to consider several different elements in imposing sentence. The Court makes reference to Ohio Revised Code 2929.19 for the purpose of felony sentencing; 2929.12, which contains the seriousness factors; 2929.13, guidance by this degree of felony." Further, the court mentioned the seriousness of Hess' impersonating a police officer and the seriousness inherent in his treatment of his ex-girlfriend. Finally, the court specifically found that Hess was on a community-based correction at the time of these offenses. R.C. 2929.13(B)(1)(h) contemplates just such a scenario.
 {¶ 24} The court therefore made the requisite findings to impose a prison term for a fourth-degree felony.
 2. {¶ 25} The court, however, imposed more than the minimum sentence upon Hess, who had not previously served a prison term, without finding "on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). Therefore, we remand for a new sentencing hearing. Because this issue is dispositive of the sentencing appeal, we need not address the remaining issue raised by Hess.
 V. {¶ 26} We therefore hold that Hess was brought to trial within the statutory time limit. We further hold that the trial court erred in imposing the sentence. We affirm in part, reverse in part, and remand for resentencing.
This cause is affirmed in part, reversed in part and remanded for resentencing.
Costs to be divided equally between plaintiff-appellee and defendant-appellant.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] "[W]hen the court fails to rule on a motion, it will be presumed that the court overruled the motion." Progressive Wheel of Cleveland v.HRP Auto Centers, Inc. (Feb. 14, 1991), Cuyahoga App. No. 59989, citingSolon v. Solon Baptist Temple (1982), 8 Ohio App.3d 347, 351 and Shillmanv. Frankel (July 7, 1988), Cuyahoga App. No. 54068.
[2] We will assume that Hess' motion to dismiss did not cause a delay. R.C. 2945.72(E). Hess filed the motion on October 11 and pled guilty on October 15. Further, as stated above, the court never ruled on the motion. Ultimately, the extra few days do not affect the outcome.