JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a conviction entered by Garfield Heights Municipal Judge Jennifer Weiler after a jury found Trevis Pinkney guilty of discharging a firearm in violation of Maple Heights Codified Ordinance ("MHCO") 672.09. Pinkney claims that he was denied his speedy trial rights, that his motion to suppress evidence was improperly denied, that the ordinance is unconstitutional, and that the judge improperly ordered forfeiture of the guns found in his home. We vacate and discharge Pinkney.
 {¶ 2} Shortly after midnight on January 1, 2002, Maple Heights Police Lieutenant Gene Kulp was patrolling on Maple Heights Boulevard when he heard gunshots. He got out of his car to investigate and saw five people in the backyard of a home at 5384 Auburn Avenue. A man, later identified as Pinkney, fired a handgun into the sky, reloaded it, and handed it to a woman. Just as Pinkney was telling her how to fire the gun, Lt. Kulp announced his presence and the five people ran into Pinkney's home. When backup officers arrived, Lt. Kulp knocked on the door and arrested Pinkney when he opened it. The officers then conducted a search of the home and discovered two gun safes, obtained the keys to them, and discovered three handguns, two rifles, and other weapons-related items, all of which were confiscated.
 {¶ 3} Pinkney was charged with unlawfully discharging a firearm within city limits, a fourth degree misdemeanor and child endangering, a first degree misdemeanor, because his minor daughter was in the backyard at that time.[1] On January 9, 2002, he made an initial appearance in court with a number of other defendants and, apparently after the group was notified of their rights en masse, pleaded not guilty. The entire dialogue with the judge states:
"The Court: Okay. Mr. Pinkney, you're are [sic] charged todaywith one count of child endangering which is a first degreemisdemeanor 0 to $1,000 fine, 0 to 180 days and improperdischarge of a firearm which is a fourth degree misdemeanor 0 to30 days, 0 to $250 fine. How do you want to plead, sir?
 "Mr. Pinkney: I would like to enter a plea of no — not guiltyyour Honor.
 "The Court: Okay. Are you going to get an attorney, sir?
 "Mr. Pinkney: Yes, I am. I've already talked to one.
 "The Court: Okay. It looks like you're still on probation withLisa; right?
 "Mr. Pinkney: Yes, I am.
 "The Court: Okay. So, this case is going to be assigned tome.
 If you will sign this on both sides and hand it back to me.
 Okay. Very good. Just step over here. We'll give you a date tocome back; all right sir?
 (Hearing concluded.)"
 {¶ 4} The Garfield Heights court document that Pinkney was asked to sign was a printed two-sided form, the "Plea Form" side containing five items: (1) waiver of counsel and/or assignment of counsel; (2) entry of plea; (3) waiver of speedy trial;[2]
(4) demand for jury trial; and (5) waiver of jury trial. Each category offered a defendant a choice of "yes" or "no" except the entry of plea, which offered the options "guilty," "not guilty," and "no contest." The document is signed by Pinkney and dated January 9, 2002, although the signature and date appear to have been made by two different pens. Under entry of plea, the choice "not guilty" is circled; under waiver of speedy trial, the choice "yes" is circled. No choice is marked in any of the remaining categories.[3]
 {¶ 5} Pinkney was then given a February 7, 2002, pretrial hearing date. The journal entry, which Pinkney endorsed to verify his receipt of that information, stated that "[n]o further notice shall be given to the attorneys or parties herein."
 {¶ 6} He was represented by a lawyer at that initial pretrial, and a second pretrial was set for February 21, 2002. On February 22, 2002, he filed a discovery request and a motion for a bill of particulars and, on March 11, 2002, he moved to suppress evidence and to dismiss the complaint. Discovery was completed, the bill of particulars was provided and, on April 25, 2002, acting Judge Charles F. Cichocki denied Pinkney's motions. On June 17, 2002, he moved to dismiss on speedy trial grounds, but the motion was denied on June 20, 2002.
 {¶ 7} The jury trial began on June 26, 2002. Pinkney was found guilty of discharging a firearm but acquitted of child endangering and was sentenced to thirty days in jail, one year of probation and a $250 fine, $150 of which was suspended. The judge ordered the weapons and other items forfeited to the Maple Heights Police Department and then stayed execution of the sentence, pending this appeal.
 {¶ 8} Pinkney asserts six assignments of error, which are appended to this opinion. His first assignment, which we find dispositive, claims he was denied his statutory speedy trial rights.
 Validity of the Waiver {¶ 9} R.C. 2945.71(D) makes the speedy trial time dependent on the most serious offense charged and, because child endangering under R.C. 2919.22 is a first-degree misdemeanor, Pinkney had a right to be brought to trial within ninety days of his arrest.[4] A defendant may, however, waive his speedy trial rights.[5] The record contains a document that purports to express Pinkney's waiver, which would be valid if made knowingly, intelligently and voluntarily.[6]
 {¶ 10} Once a defendant shows he was not tried within the statutory period, the government bears the burden of showing that the time was tolled or that the defendant executed a valid waiver.[7] Although a written waiver that appears valid on its face will be upheld in the absence of contrary evidence,[8] the defendant can rebut this inference by presenting evidence of invalidity, such as showing that the waiver form did not state the defendant's rights or was not properly witnessed.[9]
 {¶ 11} Even though Maple Heights has presented a signed waiver form, the circumstances under which it was signed defeat the claim of validity. First, there is no transcript of the judge's en masse notification of rights. Despite assertions in her App.R. 9 affidavit that she gave the "statement of rights" to all defendants at the beginning of the arraignment session on January 9, 2002, and that Pinkney "was advised of the constitutional and statutory rights available to him," the judge failed to delineate what those sundry rights may have been. Under Crim.R. 5 and 10, advisement of a right to speedy trial is not required and it is not one of the eleven "RIGHTS" identified on page 1 of 2 on the Plea Form. As noted, the transcript shows that he was instructed to sign the form on both sides,[10]
without any indication that he was allowed, required, or requested to read it before signing, or that he was even given the time to read it.
 {¶ 12} Next, there is a question over who circled "Not Guilty" under the Entry of Plea or "Yes" under Waiver of Speedy Trial on Page 2 of 2 of the form because Pinkney was instructed on the record only to sign it. Although entitled a "plea form," the form actually presents choices concerning a demand or waiver of jury trial, waiver and/or assignment of counsel, and waiver of speedy trial rights. Moreover, although the document had a witness signature line, no witness signed and, apparently, there is no provision for providing a copy to a defendant. The irregularities make the document suspect and susceptible to alterations. The circumstances here are similar to those inHarrison, supra.
 {¶ 13} There is also a substantial question concerning whether Pinkney was informed of and understood his rights. For purposes of taking Pinkney's plea and establishing that he was aware of his right to counsel, the judge's brief personal dialogue with him suffices. However, where the plea form is also used to request a waiver of speedy trial rights, the judge must ascertain that the defendant is sufficiently aware of and capable of waiving those rights before accepting the purported waiver. A bare, unexplained request for such a waiver seems out of place on a plea form, and Pinkney should have been informed that he was not required to make any choice at that time, especially where he had stated on the record that he was going to retain a lawyer. Furthermore, even though the App.R. 9(C) statement of evidence includes the judge's statement that Pinkney was "advised of the constitutional and statutory rights available to him in this matter[,]" we will not assume that she informs defendants, en masse, of those rights at the beginning of an initial appearance or arraignment session.
 {¶ 14} If notice of speedy trial rights is not required at the arraignment, how could Pinkney knowingly waive those rights without the judge first ascertaining his awareness of them? As noted, the waiver form does not show his awareness of his rights because there is no evidence he read it before signing and no evidence that he waived that right in "open court." Because there is no evidence that he was notified of his rights and understood them, the evidence here is insufficient to uphold the waiver.
 {¶ 15} Maple Heights contends that, prior to seeking dismissal, Pinkney should have filed an objection to the waiver and demanded trial. Such actions are necessary to revoke a prior, valid waiver of speedy trial rights,[11] but do not apply when the defendant challenges the validity of the waiver. Because an objection affects only whether a valid waiver "remain[s] effective," a defendant has no duty to "reassert" speedy trial rights if the initial waiver was ineffective.[12] Because the waiver was invalid, Pinkney retained his statutory speedy trial rights.
 Elapse of Speedy Trial Time {¶ 16} Pinkney is entitled to discharge if he was not brought to trial within ninety days. The parties agree that R.C. 2945.72
tolled the period between February 22, 2002, and April 25, 2002, because Pinkney had pending motions and discovery requests during that time. We find the period between June 17, 2002, and June 20, 2002, tolled for the same reason, because Pinkney's motion to dismiss on speedy trial grounds was pending. The parties also agree that the speedy trial period was not tolled for the eight days between January 1, 2002, and January 9, 2002;[13] for the fifty-three days between April 25, 2002, and June 17, 2002; and for the six days between June 20, 2002, and when the trial began, June 26, 2002.
 {¶ 17} The parties disagree, however, upon the period between January 9, 2002, and February 22, 2002, when Pinkney filed his request for discovery. If this entire fifty-two day period counts against the speedy trial period, its addition to the sixty-seven day period already stipulated would put Pinkney's trial beyond the ninety-day limit. Maple Heights argues that the period between January 9, 2002, and the initial pretrial on February 7, 2002, should not count against the speedy trial period because the delay represents a continuance for the purpose of allowing Pinkney to retain counsel.[14]
 {¶ 18} The prosecution must show that a delay is chargeable to the defendant,[15] and such questions are strictly construed against the government.[16] The record here does not support a claim that the first pretrial hearing was necessitated by Pinkney's lack of counsel at his initial appearance.
 {¶ 19} At an initial appearance or arraignment, a defendant must be notified "[t]hat he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel[.]" Crim.R. 5(A)(2); Crim.R. 10(C)(2). If a judge grants a continuance under R.C. 2945.72(H), however, that fact must be noted in a journal entry.[17] Although this case concerns R.C. 2945.72(C) instead of R.C. 2945.72(H), Crim.R. 5(A)(2) and Crim.R. 10(C)(2) demonstrate that the accused's lack of counsel is the proper subject for a continuance, rather than mere delay occasioned by the filing of a motion. Therefore, a delay occasioned by a defendant's lack of counsel should be accompanied by a journal entry of continuance or some other clear indication in the record showing a delay attributable to the defendant.
 {¶ 20} The record here shows that no delay is attributable to Pinkney's failure to have a lawyer at his initial appearance. The judge accepted his plea of not guilty, accepted a purported waiver of speedy trial rights, set the case for a pretrial hearing, gave Pinkney notice of the hearing date and warned him that no further notice would be given. The February 7, 2002, pretrial date following the January 9, 2002, initial appearance is in compliance with the Garfield Heights Municipal Court's local rules, which provide that misdemeanor cases shall be set for pretrial within thirty days of arraignment, after which they will be scheduled for trial.[18] There is no indication that Pinkney's pretrial hearing would have been scheduled earlier if he had been represented by counsel at his arraignment. Moreover, had proceedings been continued to allow Pinkney to hire a lawyer, the arraignment itself likely would not have gone forward and matters of pleading, waivers of rights, and pretrial hearings would not have been addressed.[19] Therefore, even if R.C. 2945.72(C) does not require a journal entry of continuance, the record shows that there was no delay in the proceedings, much less a delay "necessitated by the accused's lack of counsel[.]" The first assignment is sustained.
 Pinkney's Remaining Claims {¶ 21} Because he is entitled to reversal on his speedy trial claim, Pinkney's remaining assignments need not be addressed.[20] We note, however, that his assignment concerning the forfeiture of his personal property should be addressed in a motion to recover seized items under the applicable statutes.[21]
 {¶ 22} Judgment vacated and appellant discharged.
Diane Karpinski, J., concurs.
 Kenneth A. Rocco, P.J., dissents. (See attached DissentingOpinion.)
[1] R.C. 2919.22.
[2] I have been informed by the Court that I have a constitutional right to a speedy trial, but, I hereby in open Court, waive this right and consent to this case being continued, even if is(sic)has to be continued indefinitely.
[3] The other side is a "STATEMENT OF RIGHTS" with eleven items.
[4] R.C. 2945.71(B)(2).
[5] State v. King, 70 Ohio St.3d 158, 160, 637 N.E.2d 903.
[6] Id.
[7] State v. Pierson, 149 Ohio App.3d 318, 322,2002-Ohio-4515, at ¶ 16, 777 N.E.2d 296; State v. Stamps
(1998), 127 Ohio App.3d 219, 223, 712 N.E.2d 762.
[8] See State v. Malott (May 1, 1998), Montgomery App. No. 16853.
[9] Id., citing State v. Harrison (May 20, 1988), Trumbull App. No. 3779.
[10] January 9, 2002 Transcript Page 2.
[11] O'Brien, 34 Ohio St.3d at 9-10.
[12] Id.
[13] Although the triple-count provision of R.C. 2945.71(E) applies to one or two days during which Pinkney was held in jail, we need not make this calculation so we will ignore the issue.
[14] R.C. 2945.72(C) states that the speedy trial period is extended by "[a]ny period of delay necessitated by the accused's lack of counsel,"
[15] State v. Geraldo (1983), 13 Ohio App.3d 27, 28, 13 OBR 29, 468 N.E.2d 328.
[16] Id.
[17] King, 70 Ohio St.3d at 162; State v. Mincy (1982),2 Ohio St.3d 6, 2 OBR 282, 441 N.E.2d 571, syllabus.
[18] Garfield Heights Municipal Court Loc.R. B(1) and B(3), Case Management in Criminal Cases (Oct. 1991).
[19] See, e.g., Cleveland v. Jovanovic, 153 Ohio App.3d 37,41, 2003-Ohio-2875, at ¶ 10, 790 N.E.2d 824 (arraignment continued); State v. Christ (Dec. 21, 1993), Ross App. No. 1958 (same).
[20] App.R. 12(A)(1)(c).
[21] See, e.g., R.C. 737.29, 2933.41.