JOURNAL ENTRY AND OPINION
{¶ 1} Defendant was convicted by a jury of menacing by stalking in violation of R.C. 2903.211, a felony of the fourth degree.[1] He appeals this conviction, as well as the sentence the trial court imposed.
 {¶ 2} In October 2002, Jennifer Kinzer lived in a suburb of Cleveland, Ohio. She lived there with her husband and three children. Defendant had been Kinzer's neighbor for thirteen years. Sometime in October 2002, defendant began harassing Kinzer. Defendant's conduct included, but was not limited to, repeated telephone calls, verbal comments, and religious items left on Kinzer's property. After his conviction, defendant filed this timely appeal, in which he presents the following assignments of error. For the sake of clarity, we address defendant's fifth assignment of error first:
Appellant was denied a fair trial when the court allowed the prosecutor to amend the indictment at the end of the state's case.
 {¶ 3} Defendant was indicted for offenses occurring in October 2002. He argues that the trial court erred when it amended the indictment to include conduct Kinzer said occurred in September 2002.
 {¶ 4} Crim.R. 7(D) governs the amendment of indictments. It provides:
The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later date with the same or another jury.
 {¶ 5} Defendant in this case was charged with engaging in a pattern of conduct leading to the offense of menacing by stalking. The September 2002 amendment did not change that fact. The amendment only expanded the time-frame within which the alleged pattern of conduct was committed-from October to the earlier date of September, instead of just October. We find that the amendment did not change the name or identity of the crime for which defendant was charged. State v. Honeycutt, Montgomery App. No. 19004, 2002-Ohio-3490. Accordingly defendant's fifth assignment of error is overruled.
 {¶ 6} The first assignment of error states:
The trial court erred in denying appellant's motion for Acquittal as to the charge when the state failed to present Sufficient evidence against appellant.
 {¶ 7} Defendant argues that the state did not present sufficient evidence to convict him of menacing by stalking.
Offense of Menacing
 {¶ 8} The first question is whether the state presented sufficient evidence to prove that defendant committed the offense of menacing by stalking Kinzer in September and October 2002.
 {¶ 9} "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, 9 Ohio Op.3d 401, 381 N.E.2d 184, syllabus.
 {¶ 10} When a court reviews a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560.
 {¶ 11} The elements of menacing by stalking are set forth in 2903.211, which, in part, provides:
No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
 {¶ 12} The stalking statute specifies that a "pattern of conduct" means two or more "actions or incidents closely related in time." R.C. 2903.211(D)(1).
 {¶ 13} In the case at bar, Kinzer testified that at the beginning of September 2002, defendant started the `I love yous' in the middle of the night, screaming out, calling on the phone, poetry, when my husband was out of town he came to my front door, was banging on my front door, telling me he was sorry, `Let me in, let me in, I'm sorry.'
Tr. 277. Kinzer described other disturbing behavior by defendant:
* * *
Q: When you say 22nd, what night are you speaking of?
A: September.
Q: Husband was out of town, you remember being around the 22nd of September?
A: 22nd, 23rd.
Q: How long was he gone?
A: About four days.
Q: How many times during that period of time did the defendant try to make contact with you?
A: Three.
Q: What were the three incidents?
A: Screaming out at night, the `I love yous' over the fence, `I'm sorry.' We never get any sleep at night because it's constant. He starts like at 2:00, 3:00 in the morning, go for a couple of hours. I called the police all three times, they came.
Q: And why were you calling the police?
A: Because I was afraid. And it was — I had me and my three kids.
Q: What were you afraid would happen?
A: Well, I don't know. He is drinking, I don't know. He kept escalating. I didn't know what he was going to do, if he was going to try to get in the house or what.
* * *
Q: What was your fear based on?
A: First the hug in the garage, and then I started to realize that he was hanging, coming around too often, calling too often, saying I love you. I was afraid for me and my children.
* * *
Q: During this period of time from April until October of last year, did you ever tell the defendant that you didn't want him to do these things, call your name, write you notes?
A: Constantly, constantly, got in multiple arguments.
Tr. 277-282.
 {¶ 14} On the record before this court, we conclude that the evidence the state produced sufficiently established that defendant engaged in a pattern of conduct to knowingly cause Kinzer to believe that he would cause her physical harm and/or mental distress. Accordingly, the state's evidence was legally sufficient to prove defendant committed the offense of menacing by stalking Kinzer in the months of September and October 2002.
Prior Conviction
 {¶ 15} Defendant's indictment also included a prior conviction for the same offense against Kinzer in the Parma Municipal Court. The language of R.C. 2903.211[2] clearly specifies prior convictions enhance the crime of menacing by stalking from a first degree misdemeanor to a fourth degree felony. When a prior conviction enhances the degree of the offense to be proved, as it does in this case, it constitutes an essential element of that offense and hence must be proven beyond a reasonable doubt. State v. Werfel, Lake App. Nos. 2002-L-101 and 2002-L-102, 2003-Ohio-6958, at ¶ 41.
 {¶ 16} To establish a prior conviction, the state admitted Exhibit 5, which bears the caption: "CERTIFIED COPY OF JOURNAL ENTRY." It reads,
State Of Ohio Cuyahoga County SS City of Broadview Hts. vs. Brendan J. Ward 1180 Wolf Dr. Broadview Hts. Ohio 44147.
The document includes the case number designation "02CRB01996-1-1." It includes other information detailing the nature of the offense charged as "Aggravated Menacing" and indicating that charge was amended to "Menace by Stalking." The matter was "Heard By: Magistrate Jack Sands." The entry states that a conviction was obtained by guilty plea on "09-04-02" for an offense which occurred on "07-04-02." The defendant was fined "$500.00" and sentenced to jail for "180" with jail suspended for "90." The entry bears the seal of the clerk of the Parma Municipal Court. It is not, however, signed by any judge of the court.
 {¶ 17} This court has previously held that "[a]ny entry unaccompanied by the signature of a judge will not be acknowledged by this court as a judicial order or official entry." City of Cleveland v. Jovanovic, 153 Ohio App.3d 37, 41,2003-Ohio-2875, 790 N.E.2d 824.[3] In the case at bar, the entry is not signed by any judge of the Parma court. The state, therefore, has not satisfied its burden of proving defendant's prior conviction beyond a reasonable doubt.
 {¶ 18} Without adequate proof of the prior conviction, moreover, defendant could have been sentenced only for a first degree misdemeanor. R.C. 2929.21.[4] The penalty for a misdemeanor of the first degree is imprisonment for not more than six months and/or a fine of not more than one thousand dollars. The court imposed a prison term of 17 months. Because there was insufficient evidence to support defendant's conviction of a fourth degree felony offense, the sentence the court imposed was contrary to law.
 {¶ 19} Because the state failed to prove defendant's prior conviction to the jury, we find that the trial court erred in denying defendant's motion to acquit on the enhancement to a fourth degree felony offense from a first degree misdemeanor offense. We, therefore, reverse the enhancement, as well as the resulting sentence.
 {¶ 20} Defendant's first assignment of error is sustained in part and overruled in part.
 {¶ 21} We will address Assignments of Error Two, Three, and Four together.
II. Appellant's conviction is against the manifest weight of the evidence.
III. Appellant was denied a fair trial when the court allowed the prosecutor to inform the jury about the details of appellant's prior conviction.
IV. Appellant was denied a fair trial when the court allowed overly prejudicial other acts testimony.
 {¶ 22} In Assignment of Error Two defendant argues that his conviction is against the manifest weight of the evidence. We disagree.
 {¶ 23} When a defendant challenges the manifest weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541,545-546. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id., citing Tibbs v. Florida (1982) 457 U.S. 31, at 42. In a challenge to the manifest weight of the evidence, a court reviews the record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way * * *." Thompkins, 387.
 {¶ 24} Defendant argues that his conviction is improperly based on Kinzer's testimony about events that occurred before October 2002. Included in Kinzer's testimony about defendant's conduct in September and October 2002, was her description of events that occurred back in April 2002. She described one incident from this earlier time when she was in her garage and she turned around to find defendant standing behind her. Kinzer told the jury that defendant told her he wanted a hug and that she succumbed to the request because she was afraid. Throughout her testimony, Kinzer described other actions of defendant prior to September 2002. She described how defendant left on her doorstep religious items including one with a note telling her he loved her and not to be afraid of him. Kinzer also told the jury about numerous messages defendant left on her answering machine.
 {¶ 25} Defendant did not object to any of this testimony. We review this part of Kinzer's testimony, therefore, under a plain error standard. "The plain error test requires that, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, 97,372 N.E.2d 804, 808.
 {¶ 26} The trial court's amendment of defendant's indictment did not include the months preceding September 2002. Defendant argues, therefore, that Kinzer's testimony about defendant's conduct in the months preceding September 2002 constitutes reversible error. We disagree.
 {¶ 27} The stalking statute, R.C. 2903.211, specifies that a "pattern of conduct" means two or more "actions or incidents closely related in time." R.C. 2903.211(D)(1).
 {¶ 28} First, we note that the record provided evidence of two or more incidents within the indictments' time frame. Defendant argues, however, he was unfairly prejudiced by Kinzer's detailed testimony about his conduct before the date of the offense charged in his indictment. Defendant claims Kinzer's testimony constitutes inadmissible "other acts" testimony.
 {¶ 29} Evid. R. 403(A) states that, "evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 404(B) further provides:
Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 {¶ 30} The corresponding statute to Evid.R. 404(B) is R.C.2945.59, which states:
In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
"Where evidence of other acts of the defendant is sought to be introduced for the purpose of showing his identity, by his common scheme, plan, or system of committing an offense, the standard for determining admissibility is strict." State v. Burson
(1974), 38 Ohio St.2d 157, 159; 311 N.E.2d 526; State v. Soke,
(1989), 65 Ohio App.3d 590, 584 N.E.2d 1273.
 {¶ 31} Neither the matters listed in the rule nor those listed in the statute, however, are exclusive. Id. Moreover,
Neither the rule nor the statute contains the words `like' or `similar.' The rule and statute contemplate acts which may or may not be similar to the crime at issue. If the other act does in fact `tend to show' by substantial proof any of those things enumerated, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, then evidence of the other act may be admissible.
Id., citing State v. Broom (1988), 40 Ohio St.3d 277,281-282, 533 N.E.2d 682, 689-690.
 {¶ 32} In Soke, the defendant was charged with kidnapping, rape, and possession of weapons while under the disability of chronic alcoholism. Each charge carried a firearm specification. During trial, the state introduced evidence of defendant's prior bad acts including that he had spent time in jail, used drugs, and frequented bars, that he had a bad attitude, and that he had physically abused the victim in the past. On appeal, the court inSoke observed that
* * * this evidence was not elicited to prove appellant's bad character, but to explain the victim's conduct, i.e., to show that she legitimately feared appellant on the night of the rape and to explain why she offered only minimal resistance and why she voluntarily consented to sexual activity with appellant only months after the rape. The theme of appellant's defense was consent and the state argued that the disputed evidence was necessary to show a pattern of violence in the marital relationship with the victim repeatedly returning to appellant after having been abused by him.
Id., at 593.
 {¶ 33} Further, the court in Soke held as follows:
[T]he disputed evidence does fit into one of the permitted uses under Evid.R. 404(B) or R.C. 2945.59 even if this court interprets the rule as being exclusive. This evidence shows a plan or scheme of intimidation as well as a motive, i.e., the sexual subjugation of the victim. Similar evidence was permitted for similar reasons in State v. Canitia (Jan. 19, 1984), Cuyahoga App. No. 46946, unreported, 1984 WL 14176.
Id., at 594.
 {¶ 34} In the case at bar, Kinzer's testimony about defendant's conduct prior to September 2002 could not be used by the state to prove defendant's bad character or his propensity to commit the offense charged against him. Evidence of defendant's other acts going back to April 2002, however, was admissible to explain Kinzer's increasing mental distress and her growing fear of defendant during the several months before September and October of the same year.[5] Moreover, as in Soke,
defendant's other acts establish his plan or scheme of intimidating Kinzer so that she would return his affections for her. Because the other acts were admissible for a limited purpose and because there was independent evidence of the required "pattern of conduct," we find no reversible error here. Defendant's Second, Third and Fourth assignments of error are without merit.
 {¶ 35} Because we found no basis to enhance the offense to a fourth degree felony, defendant's remaining assignments of error are moot.[6]
 {¶ 36} Defendant'S conviction for menacing by stalking is affirmed. The trial court's enhancement of that offense, however, from a misdemeanor to a felony is vacated, as is the sentence. This matter is remanded for an order re-sentencing defendant to a first degree misdemeanor. R.C. 2929.21. Further, because the maximum term of incarceration for such an offense is six months and defendant has already served that period of time, the trial court is further instructed to enter an order immediately releasing defendant herein.
Judgment accordingly.
This cause is vacated and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.
[1] Defendant's indictment included a "Furthermore" clause stating that he had a prior conviction for menacing by stalking.
[2] It is undisputed that a prior conviction under the menacing statute enhances the degree of the offense. In part, R.C.2903.211(B) states as follows:
(1) Except as otherwise provided in divisions (B)(2) and (3) of this section, menacing by stalking is a misdemeanor of the first degree.
(2) Menacing by stalking is a felony of the fourth degree if any of the following applies:
(a) The offender previously has been convicted of or pleaded guilty to a violation of this section or a violation of section2911.211 of the Revised Code.
[3] Crim.R. 32(C) describes the requirements necessary for a journal entry for a judgment of conviction to be legally valid:
A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
[4] When defendant was sentenced on September 25, 2003, R.C.2921.21 was the sentencing statute applicable to misdemeanors. As of January 2004, the sentencing statute for misdemeanor offenses is now R.C. 2929.24.
[5] See our earlier discussion of the offense of menacing under Assignment of Error I.
[6] VI. The trial court erred when it imposed a prison sentence without making the appropriate findings required by R.C. 2929.13.
VII. The trial court erred when it imposed more than the minimum term of imprisonment on appellant without making the necessary findings required by R.C. 2929.14(B).
VIII. The trial court erred by ordering appellant to serve a misdemeanor sentence consecutive to a felony sentence contrary to R.C. 2929.41.
IX. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4).