[Cite as *Cleveland v. Gholston*, 2011-Ohio-6164.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96592

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## BENJAMIN G. GHOLSTON

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2010 TRC 075062

**BEFORE:**    Sweeney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    December 1, 2011

**ATTORNEY FOR APPELLANT**

Edward M. Heindel, Esq.
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Victor R. Perez, Esq.
Chief City Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1} Defendant-appellant, Benjamin Gholston ("defendant"), appeals his conviction in Cleveland Municipal Court of driving under the influence. For the reasons that follow, we affirm.

{¶ 2} The record indicates that defendant was charged with driving under the influence, driving under suspension, and a right of way traffic violation. On December 21, 2010, a pretrial was held and set for trial on February 1, 2011 at 11:30 a.m. At the February 1, 2011 trial, defendant was found guilty of driving under the influence and the remaining charges were dismissed. The court held the sentencing hearing on February 22, 2011. Defendant has appealed, assigning the following errors for our review:

**{¶ 3}** "Assignment of Error No. 1: The trial court erred when it denied Gholston the right to request a jury within the time frame allowed for in Criminal Rule 23(a)."

**{¶ 4}** The applicable and relevant provisions of Crim.R. 23(A) provide:

**{¶ 5}** "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

**{¶ 6}** Defendant contends that he was not notified of the scheduled trial date in this case and therefore could not comply with Crim.R. 23(A). The record does not support his assertions.

**{¶ 7}** Defendant was represented by counsel in this case. A pretrial was held on December 21, 2010 where the court set the matter for trial, which is clearly reflected on the journal entry. Defendant did not request a jury trial. On February 22, 2011, defendant expressed to the court his desire to have a jury trial. But defendant admitted that the judge had advised him on December 21, 2010 of the trial date. The court further indicated that defendant was advised at arraignment that if he was requesting a jury trial, it had to be done in writing or it would be waived.

{¶ 8} There was no written demand for a jury filed in this case. Accordingly, the trial court did not err by proceeding with the scheduled bench trial. This assignment of error is overruled.

{¶ 9} "Assignment of Error No. 2: Gholston was denied his right to effective assistance of counsel guaranteed to him by Art. 1, Sec. 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

{¶ 10} Defendant alleges his counsel was ineffective for not demanding a jury trial and for allegedly not conducting discovery or issuing subpoenas for witnesses. Additionally, defendant complains that he was represented by different attorneys from the public defender's office than the one he had dealt with previously. According to the record, the original attorney was on one of his government mandated furlough days on the date of trial.

{¶ 11} To obtain a new trial on the grounds of ineffective assistance of counsel, this court must find that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.

**{¶ 12}** Here, no jury demand was filed. This court has held that trial counsel's decision to proceed with a bench trial, rather than requesting a jury trial, is a strategic decision, "and will not be considered as a meritorious reason for reversal as an ineffective assistance of counsel claim." *Cleveland v. Townsend,* Cuyahoga App. No. 87006, 2006-Ohio-6265, ¶15, quoting *State v. Woods* (Mar. 5, 1997), Medina App. No. 2589-MA.

**{¶ 13}** As we found in *Townsend*, the defendant needs to demonstrate how the decision to have a bench trial resulted in prejudice to him. To the extent that defendant claims his attorneys did not conduct discovery, the record reflects that the City produced evidence to them which was reviewed prior to trial. Beyond the generalized allegation, there is no suggestion or indication that the defense failed to obtain any particular discovery in this case. With respect to the matter of issuing subpoenas for witnesses, defendant admitted he was told to provide names and addresses to his attorney before trial, which he apparently failed to do. Specifically, defendant told the court "I gave him a few names that I had then and I was going to pursue everybody else." Without complete information, counsel is unable to effect the subpoenas.

**{¶ 14}** Defendant's claims that his trial attorneys were unprepared is also not born out by the record. Counsel effectively defended the case and obtained dismissal of all but one charge. Defendant has not proved that any identified instance of his counsel's performance negatively affected the outcome of his trial or created a reasonable probability that, without the alleged errors of counsel, the outcome would have been

different. Defendant has not established his claim of ineffective assistance of counsel. This assignment of error is overruled.

{¶ 15} "Assignment of Error No. 3: The trial court denied Gholston's right of allocution at the sentencing hearing in violation of Criminal Rule 32(a)(1)."

{¶ 16} "Pursuant to Crim.R. 32(A)(1), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. Crim.R. 32(A)(1) applies to capital cases and noncapital cases." *State v. Campbell*, 90 Ohio St.3d 320, 323, 200-Ohio-183, 738 N.E.2d 1178, citing *State v. Reynolds*, 80 Ohio St.3d 670, 684, 1998-Ohio-171, 687 N.E.2d 1358.

{¶ 17} At the sentencing hearing, defense counsel addressed the court on defendant's behalf. Thereafter, defendant interjected, "Can I say something?" and continued to complain that he had not received a jury trial. At that point, the court engaged in a colloquy with defendant that ranged from the jury trial issue through his criminal record. Defendant maintained that he had not been drinking and driving in this case, despite his conviction. The court noted defendant's blood alcohol level which was .316 and expressed disbelief at defendant's assertion that he was only drinking after the accident. When the court questioned him about his prior convictions, defendant offered excuses for those as well. The defendant also spoke to the court about his trucking business and said he did not have time to drink.

{¶ 18} While the court did not explicitly ask defendant whether he wished to speak on his own behalf, defendant did. Even were we to assume a technical error occurred when defendant began speaking on the record and addressing the court before it had an opportunity to invite him to do so, any such error is harmless in this case. *Campbell*, 90 Ohio St.3d at 325, citing *Reynolds*, supra. This assignment of error is overruled.

{¶ 19} "Assignment of Error No. 4: The trial court erred when it conducted a trial when the docket indicated that the case was scheduled for pretrial, violation [sic] of Gholston's Due Process Rights."

{¶ 20} It is a fundamental principle of appellate review that the court speaks only through its journal. *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 200-Ohio-381, 455.[1] The journal entry in this case clearly reflects that at the December 21, 2010 pretrial, the court set the matter for trial on February 1, 2011. We further note that defendant admitted on this record that the trial judge had advised him of the trial date at that time. This assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

---

[1]It is the journal entries that are signed by the judge, not the docket entries, that control. *Cleveland v. Jovanovic*, 153 Ohio App.3d 37, 2003-Ohio-2875, 790 N.E.2d 824, ¶8 ("[t]he computerized journal system alone is insufficient to properly reflect the actions and decisions of the court").

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J. CONCUR