[Cite as *State ex rel. Caldwell v. Gallagher*, 2012-Ohio-4608.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98317**

# STATE OF OHIO EX REL. ROBERT CALDWELL, ET AL.

RELATORS

vs.

# JUDGE EILEEN T. GALLAGHER, ET AL.

RESPONDENTS

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No. 455665
Order No. 458913

**RELEASE DATE:**     October 3, 2012

**RELATORS**

Robert Caldwell
Frances Caldwell
10618 Drexel Avenue
Cleveland, Ohio 44108

**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Charles E. Hannan, Jr.
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Relators, Robert Caldwell and Frances Caldwell (the "Caldwells"), are mortgagors and defendants in an action in foreclosure, *Deutsche Bank Natl. Co. v. Caldwell*, Cuyahoga C.P. No. CV-697845, which has been assigned to respondent judge. They also seek relief in mandamus against respondent clerk of courts.

{¶2} The Caldwells previously appealed an entry in Case No. CV-697845 that "adopted and incorporated the magistrate's decision and ordered that 'plaintiff's motions for default and summary judgment are granted. Decree of foreclosure for plaintiff.'" *Deutsche Bank Natl. Co. v. Caldwell*, 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, ¶ 4 (8th Dist.) This court dismissed that appeal for lack of a final appealable order. We held that the trial court: had not adequately

issued a separate and distinct entry; did not specify against which party it entered default judgment;  did not specify against which party it entered summary judgment; and did not provide the requisite details for a decree of foreclosure.

{¶3}  In this action in mandamus, the Caldwells request that this court compel respondent judge to issue a final appealable order in compliance with this court's prior mandate and stop the foreclosure proceedings as well as compel respondent clerk to provide notice of that order as required by Civ.R. 58(B).  For the reasons stated below, we deny relators' request for relief in mandamus.

{¶4}  After this court issued its opinion in *Deutsche Bank*, respondent judge issued an order adopting the magistrate's decision: granting summary judgment  in favor of plaintiff (Deutsche Bank) against the Caldwells; granting default judgment in favor of Deutsche Bank against Oasis Properties & Investment L.L.C.; awarding Deutsche Bank the sum of $90,140.08 plus interest; awarding taxes, etc. to the county treasurer; awarding costs; issuing a decree of foreclosure and related relief; and stating "No just Reason for Delay."  December 2, 2011 journal entry in Case No. CV-697845, at 4.

{¶5}  The Caldwells contend that the December 2, 2011 journal entry is not a final appealable order as required by this court's opinion in *Deutsche Bank* and that they never received this journal entry.  They base their argument on the text of the appearance docket pertaining to the December 2, 2011 journal entry, which provides: "ORDER  ADOPTING  MAGISTRATE'S  DECISION.   OSJ  NOTICE  ISSUED."

That is, they argue that the language on the docket does not comply with this court's holding in *Deutsche Bank* that the decree of foreclosure must, inter alia, specify the parties against whom respondent judge was entering default judgment and summary judgment.

{¶6} Respondents correctly observe, however, that the court's journal is different from the court's appearance docket. " Dockets and journals are distinct records kept by clerks. See R.C. 2303.12." *State, ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 1997-Ohio-340, 686 N.E.2d 267. "It is the journal entries that are signed by the judge, not the docket entries, that control. *Cleveland v. Jovanovic*, 153 Ohio App.3d 37, 2003-Ohio-2875, 790 N.E.2d 824, ¶ 8." *Cleveland v. Gholston*, 8th Dist. No. 96592, 2011-Ohio-6164, ¶ 20, fn. 1.

{¶7} That is, the court memorializes its decisions on the journal and the content of the December 2, 2011 journal entry — not the reference to the entry on the docket — reflects the complete substance of the court's judgment. Indeed, the docket entry includes "OSJ," meaning "order see journal," referring the reader directly to the court's journal. Although the Caldwells criticize the language on the docket as being deficient to comply with this court's decision in *Deutsche Bank Natl. Co.*, 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, they do not demonstrate that the December 2, 2011 journal entry fails to comply with the *Deutsche Bank* opinion.

**{¶8}** The Caldwells also complain that respondent clerk of courts failed to properly issue and serve notice on them as required by Civ.R. 58(B).[1] As noted above, the appearance docket reflects "Notice issued" for the December 2, 2011 journal entry. "Relators in mandamus cases must prove their entitlement to the writ by clear and convincing evidence." (Citations omitted.) *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus. Although the Caldwells state that they did not receive notice, they have not demonstrated that respondent clerk failed to comply with Civ.R. 58(B). *See Griesmer v. Allstate Ins. Co.*, 8th Dist. No. 91194, 2009-Ohio-725. We cannot conclude, therefore, that respondent clerk has failed to fulfill his duty.

**{¶9}** Relators could have appealed the December 2, 2011 journal entry and asserted their claim that the respondent clerk had not discharged his duties under Civ.R. 58(B). "The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)." Civ.R. 58(B). They did not appeal the December 2, 2011 judgment and have not provided this court with the opportunity to exercise its *appellate* jurisdiction to determine whether that entry was a final appealable order.

**{¶10}** In *State ex rel. Haggins v. McDonnell*, 8th Dist. No. 76004, 1999 Ohio App. LEXIS 3501 (July 29, 1999), the trial court issued an entry in response to this

---

[1] Respondents observe, however, that on December 21, 2011, relators filed a "motion for relief after judgment pursuant to Ohio Civil Rule 60(B)(5) and renewed objection to the magistrate's findings."

court's dismissal of two appeals for lack of a final appealable order.  We observed that "challenges to the finality of the [trial court's] entry could have been addressed to this court in the exercise of its appellate jurisdiction." *Id.* at 8.  Likewise, in this original action, the relators' failure to appeal provides a basis for denying relief.

{¶11}  In *State ex rel. O'Malley v. Nicely*, 8th Dist. No. 98368, 2012-Ohio- 4405, we held that an order by the domestic relations court made the original action in mandamus and prohibition moot.  "This court declines the invitation to keep this writ action pending on the possibility that the [domestic relations court's] order may not be a final, appealable order.  Such doubt is inconsistent with the relator's need to establish a clear legal right and a clear legal duty." *Id.* at ¶ 8.  Similarly,  in this action, relators have not demonstrated that they have a clear legal right to relief or that respondents have a clear legal duty to act.

{¶12} Accordingly, respondents' motion for summary judgment is granted.   The Caldwells to pay costs.   This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶13}   Writ denied.

---

KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR