JOURNAL ENTRY AND OPINION
{¶ 1} Defendant CDT Development Corp. ("CDT") appeals from the judgment of the trial court that denied its motion for relief from a cognovit judgment entered in favor of plaintiff Kenneth Novak. For the reasons set forth below, we affirm.
 {¶ 2} On April 2, 2003, plaintiff filed a complaint on a cognovit note against CDT. This document provided, in relevant part:
 {¶ 3} "* * * The powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement or any other cause."
 {¶ 4} Also on April 2, 2003, plaintiff filed an answer confessing judgment against the defendant. The court determined that CDT was liable to plaintiff on the principal sum of $70,000, plus costs and interest. Approximately three months later on July 1, 2003, CDT filed a motion for relief from judgment in which it asserted that the promissory note failed for want of consideration, that the action to enforce the note was untimely under R.C. 1303.16 (A), and that the warrant attorney presented CDT's incorrect address in violation of R.C. 2323.13.
 {¶ 5} The trial court denied the motion and CDT now appeals and assigns two errors for our review.
 {¶ 6} "I. The trial court erred in denying appellant's motion to vacate the cognovit judgment for the reasons that: (1) appellant presented meritorious defenses; and (2) the motion was filed within a reasonable period of time."
 {¶ 7} A motion for relief from judgment under Ohio R. Civ. P. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 9} However, where the judgment sought to be vacated is a cognovit judgment, the movant has a lesser burden. Davidson v.Hayes (1990), 69 Ohio App.3d 28. Because the defendant never had a chance to be heard in the cognovit proceedings, he should be given his day in court; therefore, the movant need only assert that the motion was timely made and that he had a meritorious defense. Id.; G.W.D. Enterprises, Inc. v. Down RiverSpecialties, Inc. (May 24, 2001), Cuyahoga App. No. 78291.
 {¶ 10} We address first the timeliness of CDT's motion. This court addressed the timeliness of a 60(B) motion in Dickson v.British Petroleum, Cuyahoga App. No. 80908, 2002-Ohio-7060, stating:
 {¶ 11} "* * * [W]hile a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106. In this regard, the movant has the burden of proof, and must submit factual material which on its face demonstrates the timeliness of the motion. Id., 39 Ohio App.2d at 103.
 {¶ 12} "A reasonable time must be determined under the facts of each case. Absent evidence explaining the delay, we have consistently found delays of four months or less unreasonable under Civ.R. 60(B). For example, in Larson v. Umoh (1986),33 Ohio App.3d 14, 17, we stated:
 {¶ 13} `This court has held that an unjustified four-month delay necessarily precludes relief from a money judgment. MountOlive Baptist Church v. Pipkins Paints (1979),64 Ohio App.2d 285, 289. It has even been held that an unjustified delay fortwo and one-half months is unreasonable as a matter of law.Zerovnik v. E.F. Hutton Co. (June 7, 1984), Cuyahoga App. No. 47460. Further, we affirmed the denial of relief from a moneyjudgment when the movant failed to justify his fifty-one-daydelay in seeking that relief. Riley v. Heritage Mut. Ins. Co.
(Sept. 25, 1986), Cuyahoga App. No. 50972. See, also, Natl. CityBank v. Hostelley (July 3, 1991), Cuyahoga App. No. 58554.'" [Emphasis added.]
 {¶ 14} In the instant case, CDT provided no explanation for a delay of over three months in filing its 60(B) motion. While the trial court's journal entry did not specify its reasons for denying CDT's motion for relief from judgment, we find that it was not an abuse of discretion if the trial court denied CDT's motion on the basis of timeliness alone.
 {¶ 15} Furthermore, in this case, CDT alleged that it was entitled to relief from judgment but it did not present operative facts in support of the motion. CDT alleged that the promissory note failed for want of consideration because CDT did not receive anything of value for the $70,000 promissory note. Specifically, CDT maintains that Novak cannot prove that he ever loaned any money to CDT. CDT's argument must fail.
 {¶ 16} It is well-settled that no consideration for a promissory note is necessary to establish a valid obligation as between the maker of the note and the payee if the note was given as security for the antecedent debt of a third party. Sur-GroPlant Food Co. v. Morgan (1985), 29 Ohio App.3d 124, 129-130. In this case, CDT acknowledges that it "signed a Promissory note on July 29, 1992 to Kenneth [Novak] for $70,000 representing one of Joseph's [Novak] already existing obligations * * * to his brother * * *" (CDT's motion to vacate, Page 1, paragraph 3). We therefore reject CDT's argument that the cognovit failed for want of consideration.
 {¶ 17} CDT also alleged that Novak's claim is barred by the statute of limitations set forth in R.C. 1303.16 (A). R.C.1303.16 (A) provides that "an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought within six years after the due date * * *." Specifically, CDT maintains that because the note's due date was July 29, 1993, Novak could not make a claim on it after July 29, 1999. CDT's reliance on R.C. 1303.16 (A) is misplaced. R.C. 1303.16 did not become effective until August 19, 1994. CDT does not allege there exists, nor do we find any language in R.C. 1303.16 that expressly indicates the General Assembly intended a retroactive application of the statute. See, R.C. 1.48 and Van Fossen v.Babcock Wilcox (1988), 36 Ohio St.3d 100, 106, citing Kiserv. Coleman (1986), 28 Ohio St.3d 259, 262. We find no merit to CDT's claim that Novak's claim was outside the statute of limitations.
 {¶ 18} Lastly, CDT maintains that it is entitled to relief because the warrant attorney presented CDT's incorrect address in violation of R.C. 2323.13. CDT concedes that the R.C. 2323.13 (B) provides "[t]he attorney who represents the judgment creditor shall include in the petition a statement setting forth to thebest of his knowledge the last known address." [Emphasis added.] In its reply to CDT's motion to vacate, Novak asserted that the warrant attorney included a statement setting forth to the best of his knowledge, CDT's last known address.
 {¶ 19} "Moreover, the purpose of R.C. 2323.13(B) is to provide a defendant's last known address so that the defendant can be notified after judgment has been rendered." Marion SteelCo. v. Moltrup Steel Prods. Co. (May 21, 1998), Marion Cty. App. No. 9-98-3, citing Andrews v. Diefenbach (1963),175 Ohio St. 120; R.C. 2323.13 (C). In the instant case, the record indicates that Novak included CDT's last known address in the caption of the complaint. Furthermore, CDT does not complain that it did not receive timely notice of the judgment entry. We therefore find that CDT failed to allege operative facts in support of its motion for relief from judgment.
 {¶ 20} "II. The trial court erred in denying appellant's motion to vacate without a hearing."
 {¶ 21} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. Pisani v. Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018; Reed v. The Basement, Cuyahoga App. No. 82022, 2003-Ohio-4565. In order to be entitled to a hearing on a motion for relief from judgment, the "the movant must do more than make bare allegations that he is entitled to relief." Kay v. Marc Glassman (1996), 76 Ohio St.3d 18, 20,1996-Ohio-430.
 {¶ 22} "Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *."Bates Springer, Inc. v. Stallworth (1978),56 Ohio App.2d 223; see, also, Doddridge v. Fitzpatrick (1978),53 Ohio St.2d 9, 14, (trial court does not abuse its discretion by failing to conduct an evidentiary hearing on a Civ.R. 60(B) motion when the court has sufficient evidence before it to decide whether a meritorious defense was presented).
 {¶ 23} As stated in the above assignment of error, CDT failed to allege operative facts to support a claim from relief from judgment on the cognovit note. In the absence of sufficient support for the motion for relief from judgment on the cognovit note, the trial court did not abuse its discretion in denying the motion without first holding an evidentiary hearing.
 {¶ 24} The judgment is affirmed.
Judgment affirmed.
FRANK D. CELEBREZZE, JR., J., CONCURS.
 ANTHONY O. CALABRESE, JR., J., DISSENTS (SEE ATTACHEDDISSENTING OPINION).