JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} This appeal arises from an order issued by the common pleas court, which granted appellee's motion for summary judgment. After a review of the record and the arguments of the parties, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 3} Appellant, Richard Dietrich, was involved in a motor vehicle accident on January 28, 2000 with a car driven by Denette Widmar, the wife of appellee, David Widmar. Denette was driving a car owned by David at the time of the collision. Appellant was injured in the accident and filed a civil action on January 28, 2002 alleging negligence against David Widmar. On July 8, 2002, appellant voluntarily dismissed that suit pursuant to Civ.R. 41(A).
 {¶ 4} Appellant refiled the suit on July 2, 2003, again alleging negligence against David Widmar. On October 15, 2003, appellant filed a Motion for Leave to Amend the complaint to add Denette Widmar as a defendant and negligent party, pursuant to Civ.R. 15(C). The amended complaint was filed on December 12, 2003 with leave of court.
 {¶ 5} Appellee filed a motion for summary judgment on November 26, 2003, which was granted on January 13, 2004. Appellant filed a motion for reconsideration on February 11, 2004, which was denied by the trial court on February 12, 2004. The court also issued an order vacating its October 23, 2003 order that had granted appellant's motion to amend the complaint.
 {¶ 6} Appellant now appeals with one assignment of error.
 {¶ 7} "The trial court committed reversible error in not allowing plaintiff to amend a complaint substituting a new party pursuant to ohio civil rule 15(c) where the substituted party knew that but for a clerical error she would have been named as the original defendant in the original lawsuit."
 {¶ 8} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v.Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317. The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 9} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas (1991), 59 Ohio St.3d 108. UnderDresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 10} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992), Linkv. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741. In ruling on an assignment of error dealing with the granting or denial of a motion for summary judgment, this court must review the same evidentiary material provided to the trial court for review. Murphy v. Reynoldsburg,65 Ohio St. 356, 360.
 {¶ 11} Even when viewed in the light most favorable to appellant, it is clear that the trial court's grant of summary judgment was proper. Appellant's second complaint was filed on July 2, 2003, more than two years after the accident in question. Denette Widmar, the driver of the car, was not added as a party to the action until October 23, 2003. The appellant does not claim that he was unaware that Denette was the driver of the car and the named defendant, David, her husband, merely the owner, but only that there was an "inadvertent misidentification" where the defendants were concerned. This does not excuse appellant from complying with the requirements of the savings statute. "The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." Hardesty v. Cabotage (1982), 1 Ohio St.2d 114, 117, citing Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175. However, there is no authority to subject a party in whose favor the statute of limitations has run to liability in a second lawsuit after dismissing an earlier lawsuit in which that party was neither originally named as a party defendant nor made so by amendment. Devine v. Phi Gamma DeltaFraternity (June 22, 2001), Clark App. No. 2001 CA 5, 4-5. The Ohio Supreme Court has stated "the savings statute applies when the original suit and the new action are substantially the same." Children's Hosp. v.Ohio Dept. of Public Welfare (1982), 69 Ohio St.2d 523, 525,433 N.E.2d 187. The actions are not substantially the same, however, when the parties in the original action and those in the new action are different. Id., citing Larwill v. Burke (1900), 19 C.C. 449, affirmed without opinion 66 Ohio St. 683; National Fire Ins. Co. v. Joslyn Mfg.Co. (1971), 25 Ohio App.2d 13, 15; see, also, Snyder v. Lyons (Dec. 17, 1992), Franklin App. No. 92AP-790; Lewis v. Lawyer ChiropracticClinic (Aug. 26, 1999), Scioto App. No. 98CA2590.
 {¶ 12} Appellant's original complaint named only David Widmar as a defendant. It was not until the refiled action that plaintiff attempted to add Denette Widmar as a defendant. Appellant cannot use Civ.R. 15(C) to relate back to a complaint in another case; the savings statute does not apply to the statute of limitations imposed on a claim against Denette Widmar. Therefore, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Corrigan, J., Concur.