{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} In this appeal, defendant-appellant, Michael Cahill ("Cahill"), appeals from the judgment of the Cuyahoga County Court of Common Pleas which dismissed his motion for relief from judgment. For the following reasons, we affirm the decision of the trial court.
 {¶ 3} On February 9, 1998, plaintiff-appellee, Faye Wolfe ("Wolfe"), filed a two-count complaint on two cognovit notes against Cahill. On the same day, Wolfe also filed an answer confessing judgment against Cahill. On February 9, 1998, the trial court entered judgment against Cahill on the principal sums of $109,000 (Count I) and $ 75,000 (Count II).
 {¶ 4} On March 27, 1998, Cahill filed a motion for relief from judgment asserting that the cognovit note for $109,000, as found in Count I, was invalid and had been renegotiated and replaced by a new agreement. Wolfe did not oppose this motion.
 {¶ 5} On April 15, 1998, the trial court granted Cahill's motion for relief from judgment and vacated the entire February 9, 1998 judgment.
 {¶ 6} On July 29, 1998, Wolfe filed a motion for reconsideration asserting that the trial court erroneously vacated the entire judgment entry of February 9, 1998. Specifically, Wolfe asserted that in Cahill's motion for relief from judgment he was only seeking to set aside the cognovit judgment in the amount of $109,000 (Count I). Cahill did not oppose this motion.
 {¶ 7} On August 27, 1998, the trial court granted Wolfe's motion for reconsideration and modified and/or corrected its judgment entry of April 15, 1998 to reflect that only the cognovit judgment in the amount of $109,000 was being vacated. Accordingly, the matter of the validity of the $75,000 cognovit note remained pending on the trial court's docket.
 {¶ 8} On December 11, 1998, Wolfe filed a second amended cognovit complaint based upon a separate and third cognovit note in the amount of $126,500. On January 5, 1999, the court entered judgment against Cahill on the principal sum of $126,500 (as found in the amended complaint.)
 {¶ 9} Cahill did not appeal or otherwise seek relief from this order until nearly seven years later, on April 7, 2006, when he filed a motion seeking to set aside the January 5, 1999 judgment. In that motion, Cahill asserted that after the trial court granted his motion to vacate on April 15, 1998, the trial court was divested of jurisdiction to allow Wolfe to amend her complaint and add the additional claim for a cognovit judgment in the amount of $126,500.
 {¶ 10} On June 1, 2006, the trial court denied Cahill's motion without opinion.
 {¶ 11} It is from this order that Cahill now appeals and raises one assignment of error for our review.
 {¶ 12} "I. Whether the trial court committed error by entering judgment on a cognovit note even though there was a lack of subject matter jurisdiction."
 {¶ 13} Although never denoted as such in his brief, essentially Cahill argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment because he demonstrated a meritorious defense. Namely, that the trial court lacked subject matter jurisdiction to enter the cognovit judgment in the amount of $126,500 against him.
 {¶ 14} A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In general, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146.
 {¶ 16} However, where the judgment sought to be vacated is a cognovit judgment, the party need only establish a meritorious defense in a timely fashion. Medina Supply Co. v. Corrado (1996),116 Ohio App.3d 847, 850; Davidson v. Hayes (1990), 69 Ohio App.3d 28; Matson v.Marks (1972), 32 Ohio App.2d 319, 323-324.
 {¶ 17} The requirement of timely filing a motion for relief ensures finality in all cases. S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 670. Civ.R. 60(B) sets forth a two-part standard for the timely filing of a motion for relief from judgment: "within a reasonable time, and * * * not more than one year after the judgment." While the movant may have up to one year from the date of the judgment to file a motion to vacate, the movant is also bound by the "reasonable time" provision. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106. Accordingly, a motion may be filed within one year under Civil Rule 60(B) but still may not be considered within a "reasonable time." Id. In fact, this Court has consistently found that delays of four months or less are unreasonable under Civ.R. 60(B). See Larson v. Umoh (1986),33 Ohio App.3d 14, 17; Zerovnik v. E.F. Hutton Co. (June 7, 1984), Cuyahoga App. N. 47460; Riley v. Heritage Mut. Ins. Co. (Sept. 25, 1986), Cuyahoga App. No. 50972; Natl. City Bank v. Hoestelley (July 3, 1991), Cuyahoga App. No. 58554.
 {¶ 18} It is the movant's burden of proof to present factual material that on its face establishes the timeliness or justifies delays in filing the motion to vacate. Novak v. CDT Development, Cuyahoga App. No. 83655, 2004-Ohio-2558. In order to sustain this burden, the movant must present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time. Adomeit, supra at 103. In the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet his burden of establishing timeliness of his motion, and the motion to vacate should be denied.Youssefi v. Youssefi (1991), 81 Ohio App.3d 49, 53; Dunn v.Mariner, Lorain App. No. 05CA008838, 2006-Ohio-4923.
 {¶ 19} Here, Cahill did not provide the trial court with any explanation or factual support for why his seven-year delay in filing the motion to vacate was "reasonable." In fact, Cahill's brief did not contain any discussion whatsoever regarding the timeliness of his motion to vacate. Accordingly, Cahill failed to meet his burden of proof as to the timeliness of his motion to vacate. While the trial court's journal entry did not specify its reasons for denying Cahill's motion for relief from judgment, we find that it was not an abuse of discretion if the trial court denied Cahill's motion on the basis of timeliness alone.
 {¶ 20} Furthermore, we find that Cahill failed to allege operative facts in support of his motion for relief from judgment. A trial court is not divested of subject matter jurisdiction when it grants a motion for relief from judgment of a cognovit note, since the merits of the validity of the cognovit note remain outstanding. See Gilligan v.Robinson, Franklin App. Nos. 05AP-1028, 1029, 1030, 2006-Ohio-4619. Here, the trial court vacated the cognovit judgment as to Count I of Wolfe's complaint and the case was placed on the court's active docket for judicial determination. Therefore, the trial court was well within its discretion to allow Wolfe to amend the complaint to add another claim to the original complaint.
 {¶ 21} Since Cahill failed to satisfy the requirements of Civ.R. 60(B), the trial court did not abuse its discretion in denying his motion for relief from judgment, and his sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR.