JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Dolores and Walter Griesmer and Richard and Evelyn Frayer appeal from the March 6, 2008 judgment entry of the Cuyahoga County Court of Common Pleas, which denied their motion for relief from judgment pursuant to Civ. R. 60(B). After reviewing the facts of the case and pertinent law, we affirm.
Substantive and Procedural History
 {¶ 2} The tortured procedural history of this case begins on June 9, 1999, when the Griesmers and the Frayers were involved in a three car motor vehicle accident caused by James Moore III. Both couples were injured, as was the driver of the third car, in this chain reaction accident. The Frayers were passengers in the Griesmers' car, which was insured by Allstate Insurance Company. The Frayers also were Allstate insureds. Both couples' Allstate policies contained underinsured motorist coverage and a two-year limitations period in which to file suit against Allstate.
 {¶ 3} One day before the statute of limitations ran, on June 8, 2001, the couples jointly filed suit against Mr. Moore, in Case No. CV-441463. Also named as defendants in that suit were two individual John Does and two John Doe insurance companies. Good service was made on Mr. Moore within the month. The driver of the third car had already filed suit against Mr. Moore and perfected service upon him, but unlike the Griesmers and Frayers, the third driver named and served Allstate as an additional defendant. The two cases were consolidated. *Page 4 
 {¶ 4} On May 14, 2002, the couples dismissed the action (Case No. CV-441463) without prejudice, and in December 2002, they settled with Mr. Moore's insurance company for the sum of $16,666.68. The balance of the policy limit of $25,000 was paid to the third driver.
 {¶ 5} In either October or November 2002 (the record is unclear), the couples made an underinsured motorist claim against their respective Allstate policies. During 2003, the couples' counsel received the standard form status letters from the Allstate adjuster indicating that the claim was "pending" or that the "investigation is continuing." Allstate failed to settle the underinsured claims, and, on January 8, 2004, Allstate formally denied the UIM claims, as suit had not been filed against Allstate within the contractual limitations period of two years. The couples then filed the instant suit on August 29, 2005, in Case No. CV-571095, and filed an amended complaint on September 2, 2005, advising in their pleading that "pursuant to Ohio Rule of Civil Procedure 15(C) *** [realleging] all statements made on their originalComplaint for Money Damages (Jury Demand Endorsed Hereon) *** and hereby files their Amended Complaint to relate back to the original filing, Cuyahoga County Common Pleas Court Case Number 441463 in order to add John Does I-III, and state additional claims against Defendant, Allstate Insurance Company." Case No. CV-441463 was the couples' first suit, filed on June 8, 2001, against the tortfeasor, individual John Does, and John Doe insurance companies only.
 {¶ 6} On June 15, 2006, the trial court granted Allstate's summary judgment motion finding that the statute of limitations had run. The court's docket reflects that *Page 5 
"notice issued" as to the judgment entry. No appeal was taken, but the couples did, however, file a "motion for reconsideration, or in the alternative, motion for final appealable order" two months later, which the trial court denied. That denial was appealed, and we dismissed the appeal without opinion for lack of a final appealable order based on the Supreme Court of Ohio's holding in Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, 379, that "motions for reconsideration of a final judgment in the trial court are a nullity."
 {¶ 7} The couples then filed a motion for relief from judgment pursuant to Civ. R. 60(B) on June 15, 2007, which was summarily denied. A timely appeal was taken, raising one assignment of error:
 {¶ 8} "The trial court erred in denying the plaintiffs-appellants' motion for relief from judgment pursuant to Civil Rule 60(B) in order that the merits of the plaintiffs' case against defendant-appellee Allstate Insurance Company may be considered."
Standard of Review
 {¶ 9} At the outset, we note that an order denying a motion for relief from judgment is reviewed by this court under an abuse of discretion standard. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Relief from judgment may be granted pursuant to Civ. R. 60(B), which states, in part: *Page 6 
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ. R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} "Generally, to prevail on a Civ. R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after judgment." First Merit Bank, N.A. v. NEBS Fin. Servs., Cuyahoga App. No. 87632, 2006-Ohio-5260, ¶ 14, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Failure to satisfy any one of the three prongs of the GTE decision is fatal to a motion for relief from judgment. Rose Chevrolet, Inc. at 20. *Page 7 A Motion for Relief from Judgment is No Substitute for an Appeal
 {¶ 13} In the Griesmers' and Frayers' sole assignment of error, they argue that they were unable to appeal in a timely fashion from the adverse summary judgment because "[a]ppellants' counsel, either through mistake, inadvertence, or excusable neglect of any number of sources, never received notice of the dismissal of the action" even though the docket reflects that "notice issued." Specifically, the couples seek relief under Civ. R. 60(B)(1), (3), and (5).
Mistake, Inadvertence, Surprise, Excusable Neglect, or Any OtherReason Justifying Relief
 {¶ 14} First, the couples argue that, pursuant to Civ. R. 60(B)(1) and/or (5), they are entitled to relief because their counsel did not receive the postcard notice of the judgment from the clerk's office.
 {¶ 15} The Griesmers and Frayers are not challenging that notice was issued by the clerk; rather, they assert that they never received the notice from the clerk and that they discovered the adverse ruling when counsel checked the docket "weeks later." Their assertion was supported with the affidavit of the managing partner of the firm that represented them, in which counsel stated that "[a]t no time within the next 30 days following the Court's order did I or any employee of Kraig Kraig receive a postcard notice or any other formal notice from the Cuyahoga Court of Common Pleas as to it's [sic] granting of Summary Judgment in the Defendants' [sic] favor in Case No. [CV-571095.]"
 {¶ 16} Civ. R. 58(B) provides: *Page 8 
 {¶ 17} "(B) Notice of filing.
 {¶ 18} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
 {¶ 19} This case is procedurally similar to Leonard v. DelphiaConsulting, LLC, Franklin App. No. 06AP-874, 2007-Ohio-1846. InLeonard, the court granted summary judgment to the plaintiff on April 3, 2006. On April 5, 2006, the clerk of courts noted on the court's electronic docket that notice of a final appealable order was served on the parties. The defendant did not appeal this order. Rather, on July 20, 2006, the defendant filed a motion for relief from judgment, alleging that it never received the notice of the adverse summary judgment ruling. The trial court denied defendant's motion and defendant appealed. Id. at ¶ 1-5.
 {¶ 20} On appeal, the Tenth District Court of Appeals of Ohio affirmed the trial court's denial of the defendant's motion for relief from judgment, holding that the defendant "failed to demonstrate a meritorious defense that could not have been raised on appeal." Id. at ¶ 18. The court also noted that "once the clerk serves a notice of judgment on the parties in a manner prescribed by Civ. R. 5(B) (which *Page 9 
includes mailing a notice to the last known address of the person to be served), and the clerk notes that service on its docket, the service is deemed complete. Moreover, the failure of any party to actually receive the notice does not affect the validity of the judgment or the running of the time for appeal." Id. at ¶ 11 (citing Atkinson v. Grumman OhioCorp. (1988), 37 Ohio St.3d 80 and Civ. R. 58(B)). See, also, MBA Realtyv. Little G, Inc. (1996), 116 Ohio App.3d 334, 338 ("the burden is on the parties to follow the progress of their own case"); P. Maynard v. C.Maynard (Feb. 11, 1982), Cuyahoga App. No. 43642, (appellant "was duty bound to keep abreast of the docket entries"); In re Adoption ofJ.H., Lorain App. No. 06CA008902, 2006-Ohio-5957, ¶ 8 (noting that it is "well established that the parties to the case have a duty to keep apprised of the progress of the case on the docket").
 {¶ 21} While practitioners have come to rely on receipt of Civ. R. 58(B) notices to trigger further action, the vicissitudes of mail service mandate regular inspection of the electronic docket because the case law is quite unforgiving on this point. The couples' arguments are not well taken as they failed to demonstrate that notice was not actually sent by the clerk. Cf. DeFini v. Broadview Hts. (1991),76 Ohio App.3d 209, 214 (this court held that an appellant should be afforded additional time to appeal when the appellant submitted an affidavit from a deputy clerk that after checking the clerk's mail records the deputy clerk determined that no mail service had been issued).
 Fraud, Misrepresentation, or Other Misconduct of an Adverse Party *Page 10 
 {¶ 22} The Griesmers and Frayers next argue that, under Civ. R. 60(B)(3), Allstate's actions involved fraud and bad faith. They essentially assert that Allstate "sandbagged" its insureds by delaying the claims investigation process and by refusing to provide its insureds with a copy of the insurance policy until after the two-year statute of limitations expired.
 {¶ 23} While the claims investigation process described by the insureds may be less than forthright and could have been litigated had the suit been timely brought, the fact remains that the insurance policies in question were the Griesmers' and Frayers' own automobile policies and they are bound by the contractual two-year statute of limitations. Moreover, there is no evidence in the record that the claims adjuster led the insureds to believe that the statute of limitations would be waived.
When Does the Two-Year Statute Begin to Run?
 {¶ 24} The couples also argue that they did not have "standing" to make a claim "until after the court proceedings resulted in settlement with the tortfeasor."
 {¶ 25} The Supreme Court of Ohio recently addressed similar issues in its decision in Angel v. Reed, 119 Ohio St.3d 73, 2008-Ohio-3193. InAngel, the plaintiff was injured in a motor vehicle accident in June 2001, and timely filed suit against the tortfeasor. She dismissed the suit without prejudice. The plaintiff discovered in May 2004 that the tortfeasor was uninsured and made an uninsured motorist claim under her Allstate policy, arguing that her claim did not accrue until she discovered that the tortfeasor was uninsured. Suit against Allstate was *Page 11 
dismissed via summary judgment on the grounds that it was time-barred by contractual language that is identical to that in this case.
 {¶ 26} The court upheld the summary judgment and reaffirmed prior precedent that is directly controlling in this case, as it stated, "This court has previously stated that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort." Id. at ¶ 10, citing Kraly v. Vannewkirk (1994),69 Ohio St.3d 627, 632, quoting Colvin v. Globe Am. Cas. Co. (1982),69 Ohio St.2d 293, 295-296, overruled on other grounds, Miller v. Progressive Cas.Ins. Co. (1994), 69 Ohio St.3d 619, 624.
 {¶ 27} Chief Justice Moyer explained that "[i]n Ohio, the statutory limitation period for a written contract is 15 years. *** However, the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one." Id. at ¶ 11, quoting Sarmiento v. Grange Mut. Cas.Co., 106 Ohio St.3d 403, 2005-Ohio-5410, ¶ 11, citing Miller at 624 andColvin at 295-296. "A contract provision that reduces the time provided in the statute of limitations must be in words that are clear and unambiguous to the policyholder." Angel at ¶ 11, quotingSarmiento at ¶ 11, citing Colvin at 296.
 {¶ 28} The court held that a two-year limitation period would be a "reasonable and appropriate" period of time in which to require an insured who has suffered bodily injury to commence an action under the uninsured/underinsured-motorist *Page 12 
provisions of an insurance policy, and declared that "[o]ur precedent controls, and the two-year limitation period in the Allstate policy is enforceable." Id. at ¶ 13.
 {¶ 29} In addressing the question of when the two-year period begins to run, the Angel court found that the facts presented a "standard uninsured-motorist claim in which the tortfeasor was uninsured at the time of the accident," thus, applying the "unambiguous" and "express language" of the Allstate policy, suit should have been filed within two years from the date of the accident. Id. at ¶ 15, 19.
 {¶ 30} This case, too, presents a standard underinsured motorist case. During the two-year period following the accident, the Griesmers and the Frayers discovered that Mr. Moore had only $25,000 of coverage from which to pay six claimants. Although their suit was timely filed against Mr. Moore and an uninsured motorist claim was presented to Allstate, Allstate was never made a party to the first lawsuit filed by the couples. That lawsuit was dismissed without prejudice; thus, it was if it had never been filed because "when a party files a voluntary dismissal pursuant to Civ. R. 41(A)(1)(a), the case ceases to exist. In effect, it is as if the case had never been filed." (Emphasis added.)Sturm v. Sturm (1991), 61 Ohio St.3d 298, 302.
 {¶ 31} The second suit naming Allstate was filed after the two-year period expired. Even though their first suit was consolidated with the suit filed by the third driver who did name Allstate as a defendant and perfected service on the company, Allstate was not a named party nor served in the first suit brought by the couples and *Page 13 
cannot, through consolidation, somehow be considered as a named defendant in the first suit instituted by the couples.
Claimed Application of Civ. R. 15(C)
 {¶ 32} The Griesmers and the Frayers claim that their second complaint filed in 2005, which was amended, "avails itself of Rule 15(C) to name Allstate as a Defendant and assert additional claims."
 {¶ 33} Civ. R. 15(C) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
 {¶ 34} The couples ask that we read Civ. R. 15(C) "in conjunction" with Civ. R. 3(A) which gives the plaintiff a year to perfect service. They argue that their complaint filed on August 29, 2005 was amended to add Allstate on September 2, 2005; that the "claims asserted were that of the original pleading"; that "Allstate was not prejudiced by the action given their knowledge of the litigation from day one"; and that Allstate "knew that they could potentially be parties to this action." *Page 14 
 {¶ 35} While the "relation back" theory of Civ. R. 15(C) may be employed when amendments concerning the pleadings or amendments concerning parties to the action must be made in order to correct an inadvertent omission, error, or in the case of a party, an inadvertent misnomer while the applicable statute of limitation has already passed, it cannot be used when a case was never "commenced" pursuant to Civ. R. 3(A) against a party before the statute expired.
 {¶ 36} If the couples had sought leave to amend to name Allstate as a defendant in their first lawsuit, the amendment would have related back to the time of the original filing of the action. As the staff notes to Civ. R. 15(C) make clear, "[b]ecause of relation back, the intervening statute of limitation does not interfere with the opportunity to amend." But they chose to voluntarily dismiss their complaint after the statute of limitations had expired without ever naming and serving Allstate.
 {¶ 37} This court has held that Civ. R. 15(C) cannot be used to relate back to a complaint in another case. Dietrich v. Widmar, Cuyahoga App. No. 85069, 2005-Ohio-2004, ¶ 12. In Dietrich, a complaint was timely filed against the owner but not the driver of the car involved in the accident. That complaint was voluntarily dismissed. A second complaint was filed after the statute of limitations expired, and the plaintiffs wanted to amend this complaint to add the driver of the car.
 {¶ 38} This court explained that while "[t]he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies," Dietrich at ¶ 11, citing Hardesty v. Cabotage (1982),1 Ohio St.3d 114, 117, and Peterson v. Teodosio (1973), 34 Ohio St.2d 161,175, "there is no authority to subject a party in *Page 15 
whose favor the statute of limitations has run to liability in a second lawsuit after dismissing an earlier lawsuit in which that party was neither originally named as a party defendant nor made so by amendment."Dietrich at ¶ 11, citing Devine v. Phi Gamma Delta Fraternity (June 22, 2001), Clark App. No. 2001 CA 5.
 {¶ 39} As this court recognized, "the savings statute applies when the original suit and the new action are substantially the same."Dietrich at ¶ 11, quoting Children's Hosp. v. Ohio Dept of PublicWelfare (1982), 69 Ohio St.2d 523, 525. "The actions are not substantially the same, however, when the parties in the original action and those in the new action are different." Dietrich at ¶ 11, quotingChildren's Hosp., citing, e.g., Larwill v. Burke (1900), 19 C.C. 449, 10 Ohio Cir. Dec. 579, affirmed without opinion, 66 Ohio St. 683.
Timeliness of the Civ. R. 60(B) Motion
 {¶ 40} For a Civ. R. 60(B) to be considered timely it must meet two standards: the motion must have been made "within a reasonable time, and *** not more than one year after the judgment." The movant may have up to one year from the date of the judgment to file the motion, but the movant must also satisfy the "reasonable time" provision. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 106. Thus, a motion to vacate a judgment may be filed within one year, but still may not be considered within a "reasonable time." Id.
 {¶ 41} The movant bears the burden of proof to present factual material that, on its face, establishes the timeliness or justifies delays in filing the motion to vacate. Novak v. CDT Dev. Corp., Cuyahoga App. No. 83655, 2004-Ohio-2558, ¶ 14. To *Page 16 
meet this burden, the movant must present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time. Adomeit at 103. Where there is no explanation for the delay in filing the Civ. R. 60(B) motion, as in this case, the movant has not met the burden of establishing timeliness, and the motion to vacate should be denied. Youssefi v. Youssefi (1991), 81 Ohio App.3d 49, 53.
 {¶ 42} The motion for summary judgment was granted on June 15, 2006. A "motion for reconsideration, or in the alternative, motion for final appealable order" was filed two months later and denied. That denial was appealed, and the appeal was dismissed. The couples then filed a motion for relief from judgment on June 15, 2007, exactly one year after the grant of summary judgment. While the one year prong is met, the couples failed to provide the trial court or this court with any factual explanation for why the delay in filing was reasonable; therefore, the trial court, in the exercise of its discretion, appropriately denied the motion for relief from judgment.
 {¶ 43} We find no abuse of discretion in the trial court's denial of appellants' motion for relief from judgment because all three prongs of the GTE test were not met. Suit was not brought against Allstate within the contractual limitations period; thus, the couples do not have a meritorious claim. They failed to demonstrate they were entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5), and they failed to establish that their motion was made within a reasonable amount of time. If any of the three GTE requirements are not met, a motion for relief from judgment should be denied. RoseChevrolet at 20. *Page 17 
 {¶ 44} Accordingly, appellants' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recovers from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR. *Page 1