[Cite as *Kruzer v. Cleveland*, 2012-Ohio-1197.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97168

## ALAN E. KRUZER, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## CITY OF CLEVELAND, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-737054

**BEFORE:** Stewart, P.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    March 22, 2012

**ATTORNEYS FOR APPELLANT**

Brendan Delay
24500 Center Ridge Road, Suite 175
Westlake, OH    44145

Sharon L. McDowell
P.O. Box 40103
Bay Village, OH 44140-0103


**ATTORNEYS FOR APPELLEE**

Thomas J. Connick
Anthony J. Trzaska
Dubyak, Connick, Thompson & Bloom, LLC
3401 Enterprise Parkway, Suite 205
Cleveland, OH    44122

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Alan Kruzer, as the legal guardian of his brother, Thomas Kruzer, brought this action against defendant-appellee city of Cleveland, alleging that Thomas contracted legionellosis, commonly known as "Legionnaire's disease," while working for a rental car company that leased space in a building owned by the city. The city sought summary judgment on grounds that Kruzer failed to offer any evidence to show that Thomas contracted the disease from the building. Kruzer complained that the city thwarted his attempts at discovery and argued that he did not need to produce expert opinion as to whether legionellosis existed because the doctrine of res ipsa loquitur applied to bar judgment as a matter of law. The court held that Kruzer failed to establish two essential causation facts: (1) that the legionella bacterium was present at the city property, and (2) that Thomas contracted the disease while working at the city property.

I

{¶2} The first assignment of error complains that the court erred by refusing to allow Kruzer to amend his complaint to replace two John Doe defendants with Gardiner Trane Company, the contractor that performed heating, ventilation, and air conditioning work on the building. The court refused to grant leave to amend the complaint because Kruzer had voluntarily dismissed this action after the statute of limitations had expired and before obtaining service on the John Doe defendants, so he "could not obtain the benefit of

the savings statute and relate the new case back to the filing of the original complaint in order to add a new party."

A

{¶3} In *Griesmer v. Allstate Ins. Co.*, 8th Dist. No. 91194, 2009-Ohio-725, we considered a similar fact pattern in which Griesmer named John Doe defendants but failed to serve them before voluntarily dismissing the action. Griesmer then refiled the action under the savings statute and sought to amend her complaint under Civ.R. 15(C) to name an insurance company as a new defendant and assert new claims. Civ.R. 15(C) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{¶4} Griesmer asked that we read Civ.R. 15(C) in conjunction with Civ.R. 3(A) which allows the plaintiff one year to perfect service. We stated:

> While the "relation back" theory of Civ.R. 15(C) may be employed when amendments concerning the pleadings or amendments concerning parties to the action must be made in order to correct an inadvertent omission, error, or in the case of a party, an inadvertent misnomer while the applicable statute of limitation has already passed, it cannot be used when a case was never "commenced" pursuant to Civ.R. 3(A) against a party before the statute expired. *Id.* at ¶ 35.

**{¶5}** As the court below noted, Kruzer did not commence this action against the John Doe defendants before voluntarily dismissing it. Kruzer could not rely on the savings statute to assert claims against Gardiner Trane Company because the savings statute only applied "'when the original suit and the new action are substantially the same.'" *Id.* at ¶ 39, quoting *Dietrich v. Widmar*, 8th Dist. No. 85069, 2005-Ohio-2004, ¶ 11. Thus, "'there is no authority to subject a party in whose favor the statute of limitations has run to liability in a second lawsuit after dismissing an earlier lawsuit in which that party was neither originally named as a party defendant nor made so by amendment.'" *Id.* at ¶ 38, quoting *Dietrich* at ¶ 11. *See also Kilko v. Haverfield*, 8th Dist. No. 94920, 2010-Ohio-6364, ¶ 19; *Yates v. Hassell*, 10th Dist. No. 11AP-588, 2012-Ohio-328, ¶ 11. It follows that the court did not err by relying on *Griesmer* to deny the motion to amend the complaint.

B

**{¶6}** Even if the court did err as a matter of law by relying on *Griesmer*, we would nonetheless find that it did not abuse its discretion by denying leave to amend the complaint because the motion for leave was so tardy as to be prejudicial to the city.

**{¶7}** Civ.R. 15(A) allows a party to amend a pleading once as a matter of course at any time before a responsive pleading is served; otherwise, the party may only amend a pleading by leave of court or consent of the adverse party. Although leave of court should be freely granted when justice so requires, the court's decision to grant or deny a request for leave to amend a complaint will be reviewed only for an abuse of discretion.

*Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 121-122, 573 N.E.2d 622 (1991). "While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 1999-Ohio-207, 706 N.E.2d 1261 (footnote and citation omitted).

{¶8} When Kruzer filed his complaint in September 2010, he named as John Doe defendants the "business entit[ies] * * * hired to serve the heating and cooling and ventilation equipment" at the city property during "the years 2005 & 2006 and later and perhaps earlier." In January 2011, in responses to Kruzer's discovery requests, the city identified "Gardiner-Trane Company" as the business that serviced the ventilation systems in the building. The city filed its motion for summary judgment in April 2011. Kruzer did not seek leave to amend his complaint until June 2011.

{¶9} On the facts presented, it is difficult to conclude that the court abused its discretion by refusing to grant Kruzer leave to amend his complaint. Kruzer did not seek leave to amend his complaint until two months after the city filed its summary judgment motion. On that basis alone, prejudice to the city would have been manifest and the court would not have abused its discretion by denying leave. *Moss v. Marra*, 8th Dist. No. 82188, 2003-Ohio- 6853; *White v. Connecticut Dept. of Children & Families*, 330 Fed.Appx. 7 (2d Cir. 2009) (no error, much less an abuse of discretion, shown when court

denied motion for leave to amend a complaint that had been filed six weeks after the deadline for filing dispositive motions had passed).

{¶10} But the circumstances justifying the court's refusal to grant leave was even more compelling because the basis for Kruzer's seeking to amend his complaint — the substitution of Gardiner Trane Company for the John Doe defendants — had been known to him for five months before he sought leave to amend the complaint. In his motion seeking leave to file an amended complaint, Kruzer acknowledged that he learned in January 2011 that Gardiner Trane Company serviced the ventilation systems in the building, but appeared to justify the delay in seeking leave because the city's answers to certain interrogatories "were not complete," suggesting that the city had caused his delay in seeking the amendment. We reject this assertion because identification of Gardiner Trane Company was completely unrelated to those discovery items that Kruzer claimed the city had withheld (notably, whether the city had conducted any testing on the ventilation system for the presence of legionellosis). When a party seeks leave to amend a complaint after the opposing party has filed a dispositive motion, the "the proposed amendment must be not only theoretically viable but also solidly grounded in the record [and] * * * supported by substantial evidence." *Watson IV v. Deaconess Waltham Hosp.*, 298 F.3d 102, 109 (1st Cir. 2002). Kruzer offered nothing to indicate that Gardiner Trane performed anything more than routine maintenance on the ventilation nor did he show that routine maintenance on ventilation systems included the duty to test for legionella bacterium.

II

{¶11} Kruzer next contends that the court erred by rejecting its res ipsa loquitur arguments and granting the city's motion for summary judgment.

{¶12} To prove negligence, a party must establish a duty of care, a breach of the duty of care, and injury resulting proximately from the breach of that duty of care. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285, 423 N.E.2d 467 (1981). The doctrine of res ipsa loquitur allows a plaintiff to prevail in a negligence case by showing that, even if there is no direct evidence of negligence, the circumstances of the accident indicate that it probably would not have occurred had the defendant not been negligent. *Jennings Buick, Inc. v. Cincinnati*, 63 Ohio St.2d 167, 170, 406 N.E.2d 1385 (1980). The doctrine is, in essence, "a rule of evidence that allows, but does not require, the trier of fact to draw an inference of negligence." *Schmidt v. Univ. of Cincinnati Med. Ctr.*, 117 Ohio App.3d 427, 431, 690 N.E.2d 946 (10th Dist. 1997).

{¶13} Crucial to the doctrine of res ipsa loquitur is that the plaintiff must establish that the instrumentality causing the injury was under the exclusive management and control of the defendant and that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. *Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St.3d 300, 2010-Ohio-1041, 927 N.E.2d 1112, *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66-67, 262 N.E.2d 703 (1970).

{¶14} The court found that Kruzer failed to offer any evidence to show that Thomas contracted legionellosis from the city building. Kruzer does not contest the court's finding, arguing only that "[i]t is common knowledge that most outbreaks of Legionnaire's disease have occurred in large buildings." Appellant's Brief at 11. Although the non-moving party is entitled to all reasonable inferences from the evidence, an inference can only be made if it is based on established facts. *Hurt v. Rogers Transp. Co.*, 164 Ohio St. 329, 332, 130 N.E.2d 820 (1955). Kruzer did not offer evidence to prove his assertion that legionellosis is found only in large buildings. Even if he had, he failed to offer evidence to show that the only large building that Thomas ever occupied was the city-owned building where he worked. But more fundamentally, Kruzer did not offer any evidence to show the presence of legionella bacterium in the building. In short, he offered no evidence of any kind from which the court could make an inference under the doctrine of res ipsa loquitur. The court did not err by granting summary judgment for the city.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
COLLEEN CONWAY COONEY, J., CONCUR